# MANDATE

16-3107-cv
*Caruso v. Bon Secours Charity Health Sys., Inc.*

N.Y.S.D. Case # 14-cv-4447(VB)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
REENA RAGGI,
            *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 26, 2017

PATRIZIA CARUSO,

            *Plaintiff-Appellant*,                                    16-3107-cv

v.

BON SECOURS CHARITY HEALTH SYSTEM, INC.,
GOOD SAMARITAN REGIONAL MEDICAL CENTER,
ROGER A. FRANCO, CHARLES EDWARDS,

            *Defendants-Appellees.*

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael D. Diederich, Jr., Stony Point, NY. |
| **FOR DEFENDANTS-APPELLEES BON SECOURS CHARITY HEALTH SYSTEM, INC., GOOD SAMARITAN REGIONAL MEDICAL CENTER, ROGER A. FRANCO:** | Sidney R. Steinberg, David E. Renner, Post & Schell, P.C., Philadelphia, PA, and Pittsburgh, PA. |

1

MANDATE ISSUED ON 10/26/2017

**FOR DEFENDANT-APPELLEE
CHARLES EDWARDS:**                                              Charles Edwards, *pro se*, Monsey, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Patrizia Caruso sued her former employer, Good Samaritan Hospital ("GSH"); its parent company, Bon Secours Charity Health System, Inc. ("Bon Secours"); and two of GSH's employees (together with GSH and Bon Secours, "Defendants"). She brought several claims, including claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 291 *et seq.* As relevant here,[1] Caruso, a woman in her early fifties who was born in Italy, alleged that she was wrongfully terminated due to her race, sex, national origin, and age, or as an act of retaliation for engaging in protected activity. On appeal, she challenges the District Court's grant of summary judgment to Defendants and the District Court's exclusion of evidence from two of her proffered experts. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.   Exclusion of Experts

Rule 26 of the Federal Rules of Civil Procedure requires a party seeking to use an expert witness to disclose the expert's identity. Fed. R. Civ. P. 26(a)(2)(A). If that expert has been "retained or specially employed to provide expert testimony in the case," the party's disclosure "must be accompanied by a written report" that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

---

[1] Caruso also brought several state law tort claims against defendant-appellant Charles Edwards, over which the District Court declined to exercise supplemental jurisdiction after granting summary judgment to Defendants on Caruso's federal claims.

2

We review a district court's exclusion of evidence under Rule 37(c)(1) for abuse of discretion. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). When evaluating whether a district court acted within its discretion, we consider "'(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Id.* (alterations in original) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997)).

In this case, Caruso did not disclose the two experts' reports until her opposition to Defendants' motion for summary judgment, and Caruso offers no justification for this delay. Instead, Caruso argues that no report was required, because her experts were unpaid and therefore not "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

The District Court did not abuse its discretion by rejecting that argument and excluding evidence from the two experts. The report requirement in Rule 26(a)(2)(B) does not turn solely on an expert's compensation or lack thereof. Rather, the more relevant distinction is between an expert who happened to have personal involvement with the events giving rise to litigation and an expert whose only involvement consists of aiding the already-initiated litigation. *See* Fed. R. Civ. P. 26 adv. comm. nn. (2010 Amends., Subdiv. (a)(2)(C)) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705."); *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 182 n.13 (2d Cir. 2004) ("Because Huang was not specially retained to provide expert testimony, and his duties as an employee of Bank of China do not regularly include giving expert testimony, Rule 26(a)(2)(B) does not apply."); *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) ("In order to give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony."); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir 2004) (requiring report where expert "had no connection to the specific events underlying this case apart from his preparation for this trial").

Here, the two experts' only connection to the matter was their being "recruited to provide expert opinion testimony," *Downey*, 633 F.3d at 6, and they were therefore required to produce a report under Rule 26(a)(2)(B), as the District Court correctly held. In any event, the District Court found that these experts' proffered testimony was of minimal importance, and that any prejudice to Caruso arising from its exclusion was likewise minimal. In sum, the District Court acted well within its discretion.

3

## II. Discrimination and Retaliation Claims

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts analyze claims of discrimination or retaliation under Title VII, 42 U.S.C. § 1981, the ADEA, and the NYSHRL by employing the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (Title VII, 42 U.S.C. § 1981, and the NYSHRL); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (Title VII and the ADEA); *see also Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 151 n.6 (2d Cir. 2014) (explaining the differences, none of which are relevant to our analysis, among Title VII, 42 U.S.C. § 1981, and the NYSHRL).

Substantially for the reasons stated by the District Court, we conclude that Defendants are entitled to summary judgment. The District Court correctly granted summary judgment to Defendants on Caruso's discrimination claims. In particular, Caruso failed to offer sufficient evidence of pretext. The record on summary judgment established that Caruso was terminated after a physical altercation with another employee, defendant-appellant Charles Edwards. That physical fight violated GSH's preexisting workplace violence policy. The director of Human Resources conducted an investigation and concluded, after interviewing multiple witnesses, that Caruso hit her co-worker. Both employees were fired for violating GSH's workplace policies. Caruso offered no evidence that the Human Resources director or GSH acted with discriminatory animus and her speculative theories of bias were contradicted by the record. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("[M]ere speculation and conjecture is insufficient to preclude the granting of [summary judgment.]"). Accordingly, the District Court correctly granted summary judgment to Defendants on Caruso's discrimination claims.

A similar analysis applies to Caruso's retaliation claims. It is true that, roughly five months prior to her termination, Caruso had filed a sexual harassment complaint against Edwards, the co-worker with whom she later would have the physical altercation. But GSH investigated and responded to Caruso's complaint, and Caruso admits that thereafter Edwards's sexual advances ceased. In addition, Caruso offered no evidence that her termination was caused by her months-old complaint, rather than by the physical altercation that violated GSH's standards of conduct and immediately preceded her termination. In short, Caruso "presented no evidence that [her termination] reflected anything other than [her employer's] 'enforcement of its preexisting disciplinary policies in a reasonable manner.'" *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014) (quoting *Brown v. City of Syracuse,* 673 F.3d 141, 150 (2d Cir. 2012)) (brackets omitted).

4

## CONCLUSION

We have reviewed all of the arguments raised by Caruso on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

                                      FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk

*[Signature: Catherine O'Hagan Wolfe]*
*[Seal: United States Court of Appeals, Second Circuit]*

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*[Signature and seal]*